UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CALIHAN, | No.  2:13-cv-2292 WBS DAD P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| TAB BENNETT, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983.  The matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

In his complaint plaintiff alleges that the named defendant, another prison inmate, smuggled weapons into the prison exercise yard and assaulted plaintiff there.  (Complaint (Doc. No. 1) at 3.)  The complaint does not name any other defendant, nor does it allege anyone else participated in or furthered the defendant's plans to carry out the assault.

A claim under 42 U.S.C. § 1983 lies only against a person who (1) has deprived the plaintiff of a right secured by the Constitution and laws of the United States and (2) committed the deprivation while acting under color of state law.  See Chudacoff v. University Medical Center of Southern Nevada, 649 F.3d 1143, 1149 (9th Cir. 2011).  "Under color of state law" ordinarily describes an action undertaken by a person whose authority to act against the plaintiff is vested in him by the state – that is, an action by a state actor, such as a law enforcement or

1 correctional officer.  Generally speaking, a plaintiff who wishes to implead a private party as a
2 defendant in a civil rights action under §1983 must allege that the private party defendant
3 conspired or acted jointly with state actors.  See Radcliffe v. Rainbow Const. Co., 254 F.3d 722,
4 783 (9th Cir.2001).

5 Here, plaintiff does not allege that any correctional officer or other state actor conspired
6 with the named defendant to allow the assault.  Instead, plaintiff's complaint merely alleges that
7 the named defendant "was not searched or handled by any state correctional staff, thus the
8 defendant was able to smuggle weapons to the exercise yard, in a planned attack to harm
9 plaintiff[.]"  (Complaint (Doc. No. 1) at 4.)  Even accepting plaintiff's allegations as true, at most
10 the complaint avers mere negligence by unnamed prison staff in carrying out their duties to
11 maintain prison safety.  Mere negligence in failing to prevent harm in a prison setting is not
12 enough to establish liability under § 1983.  Rather, a prison official must know of and disregard
13 an excessive risk to an inmate's safety in order to be held liable for a violation of the inmate's
14 constitutional rights.  See Farmer v. Brennan, 511 U.S. 825, 834-838 (1994).  No such allegation
15 appears in plaintiff's complaint, nor could any such allegation be reasonably inferred from it.
16 Therefore, the complaint should be dismissed.

17 IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed for failure to
18 state a cognizable civil rights claim under 42 U.S.C. §1983.

19 These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21 after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
24 objections shall be served and filed within fourteen days after service of the objections.  The
25 /////
26 /////
27 /////
28 /////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 14, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm/cali2292.screening